

APPELLATE CLINIC
PAUL G. CASSELL
RONALD N. BOYCE PRESIDENTIAL PROFESSOR
OF CRIMINAL LAW
VOICE: 801-585-5202
EMAIL: CASSELLP@LAW.UTAH.EDU

May 2, 2012

Lyle W. Cayce, Clerk
United States Court of Appeals
   For the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

     Re:    No. 09-41238 – In re : Amy Unknown
             (cons. w/No. 09-41254)
             <u>Supplemental Authorities Pursuant to Fed. R. App. 28(j)</u>

Dear Mr. Cayce,

     I am writing pursuant to Fed. R. App. P. 28(j) to advise the Court of supplemental authority for the rehearing en banc in these cases.

     I received a telephone call today from your Office inquiring about Amy's initial victim impact statement. Attached is a copy of the statement Amy submitted to the U.S. Attorney's Office in *United States v. Wright*. She submitted a substantively indistinguishable statement in *United States v. Paroline*.

     In addition, Amy would ask the Court to take judicial notice of the fact that her uncle (who created the child pornography of her in the first instance) was consequently convicted in the U.S. District Court for the Middle District of Pennsylvania of a federal child pornography offense, specifically an offense under 18 U.S.C. § 2251(a) (production of child pornography). The district court judge in *United States v. Paroline* reviewed the pre-sentence report connected with her uncle's conviction when considering Amy's restitution request. *In re Amy Unknown*, Record, USCA5 290.

     The federal child pornography conviction of Amy's uncle—who was the first link in the chain of child pornography distribution, receipt and possession—supports her argument that she is a "victim" who is "harmed as a result of a commission of a crime under this chapter [i.e., Chapter 110 of Title 18 – the federal criminal provisions covering child pornography],"18 U.S.C. § 2259(c), and that the losses she is seeking are covered by the federal child pornography restitution statute, 18 U.S.C. § 2259. If the Court requests, Amy will provide under seal the name of this case (which involves her

uncle—accordingly, to preserve her anonymity, she does not wish to place her uncle's name in this public filing).

    I respectfully request that this letter be distributed promptly to the en banc Court.

Respectfully submitted,

|  |  |
|---|---|
| JAMES R. MARSH | /s/ Paul G. Cassell |
| THE MARSH LAW FIRM PLLC | PAUL G. CASSELL |
| 81 Main Street, Suite 305 | *Counsel of Record* |
| White Plains, New York 10601-1719 | APPELLATE LEGAL CLINIC |
| (212) 372-3030 | S.J. QUINNEY COLLEGE OF LAW |
|  | AT THE UNIVERSITY OF UTAH |
|  | 332 S., 1400 E., Room 101 |
|  | Salt Lake City, UT 84112 |
|  | (801) 585-5202 |

*Attorneys for Victim-Real Party in Interest Amy*

/

# CERTIFICATE OF SERVICE

I certify that on May 2, 2012, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/ Paul G. Cassell
Paul G. Cassell
